The opinion of the Court was delivered by
Gibson, C. J.
The argument is, thathowever else the devise to the first taker may have limited the estate, he could in no event havehad a fee simple, the provision for his death without issue having limited it as a fee tail by implication; and that there being a particular estate of freehold to support the limitation over as a remainder, it is not to be construed an -executory devise. It is obvious, however, that a general failure of issue was not the contingency that was uppermost in the mind of the testatrix; and that it was contemplated by her but in connexion with a failure to return in a reasonable time from the voyage to South America. The devisee was a bachelor, about to proceed on a long sea-voyage, in which, should he perish, it was scarce possible that he could leave lawful issue; and the contingency of his death, would .therefore present to the testatrix the idea of a dying necessarily without issue. It was therefore, of a dying without issue on that voyage, of which she spoke. She viewed the contingency for which she was going to provide, but in two aspects — of a return to Philadelphia in a reasonable time, or, as the only other alternative, death without issue abroad. “ Provided always, and it is my will and intention,” are her words, “that in case the said James Baxter doth not return to Philadelphia from his present intended voyage to South America, or in case he doth not return to Philadelphia in a reasonable time after my death, but departs this life without lawful issue;” then over. To avoid the preceding conclusion, we are asked to put “ or” in the place of “ but,” and thus make the dying without issue a distinct and independent contingency. The word “ or” has doubtless been construed “ and;” not, however, where it was not indispensable to some plain point of intention; and what object which the testatrix may be thought to have in view, is there to be answered by the mutation desired here 1 She evidently thought, that Captain Baxter would return without issue, or perish on his voyage without issue; the requirement of his presence at home in a reasonable time- after her death, being to let the estate go over on a reasonable presumption of his death. The leaving of issue abroad was a contingency not contemplated; or if contemplated, the object was to bring him back to enjoy the estate at home, instead of suffering it to go, at perhaps an indefinite time, to his offspring by a stranger, for whom she felt no affection. That being accomplished, it is evident she meant no restricted gift, It is of weight that the devise is in fee by express *7 words; and though the generality of such words may be restrained by implication, it never has been done but to effect some clear purpose, palpably in the testator’s view. No such purpose is perceptible here, for the estate is given pretty much in the same words and with the same encumbrances, as it is given to the devisees over, who were certainly intended to have a fee. On the face of the will, then, there is a manifest intent to give the estate absolutely if at all, and to limit a fee to the first taker, provided he returned -to take possession of it in a reasonable time from the death.
Judgment for the plaintiff